1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CZESLAW SZYSZKA, | 2:14-CV-580 JCM (NJK) |
|           Plaintiff(s), | |
| v. | |
| COVE ELECTRIC OF NEVADA INCORPORATED, | |
|           Defendant(s). | |

**ORDER**

       Presently before the court is a motion to dismiss filed by defendant Cove Electric of Nevada, Inc. (Doc. # 6). Plaintiff Czeslaw Szyszka filed a response in opposition (doc. # 8), and defendant filed a reply (doc. # 13).

**I.    Background**

       In this case, plaintiff was employed by defendant as an electrician for several years before he was allegedly "constructively terminated." (Doc. # 8 at p. 3-5). Plaintiff alleges that he was harassed and discriminated against because of his age, until he suffered an on-the-job injury and was thereafter no longer given work shifts by defendant. (Doc. # 8 at p. 3-5).

       Plaintiff filed a claim with the EEOC in June of 2013, and was then issued a right-to-sue letter on January 16, 2014. (Doc. # 1 at p. 20).

       Plaintiff has filed a complaint alleging several violations: (1) discrimination and harassment in violation of the Age Discrimination in Employment Act (ADEA); (2) discrimination in violation

James C. Mahan
U.S. District Judge

1   of Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act (ADA); (3)

2   retaliation in violation of the ADEA, Title VII, and the ADA; (4) discrimination and retaliation in

3   violation of NRS 613.330, et. al.; (5) intentional infliction of emotional distress; (6) retaliation in

4   violation of the Nevada Industrial Insurance Act; and (7) negligent hiring, supervision, and/or

5   training of employees. (Doc. # 1).

6       Defendant's motion seeks dismissal of five of plaintiff's causes of action, arguing that some

7   are time barred and others lack sufficient factual allegations to state a claim upon which relief can

8   be granted. (Doc. # 6).

9   **II.   Legal Standard**

10      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

11  be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

12  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

14  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

15  of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Factual

16  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to

17  survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to

18  relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

19      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

20  considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

21  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. Mere

22  recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.

23  *Id*. Second, the court must consider whether the factual allegations in the complaint allege a plausible

24  claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts

25  that allow the court to draw a reasonable inference that the defendant is liable for the alleged

26  misconduct. *Id*. at 678.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Where the complaint does not permit the court to infer more than the mere possibility of

2    misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

3    (internal quotations omitted). When the allegations in a complaint have not crossed the line from

4    conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

5    **III.    Discussion**

6        *A.    Discrimination and Harassment in Violation of the ADEA*

7        Defendant seeks to dismiss plaintiff's first claim for two reasons: (1) the claim is allegedly

8    untimely (doc. # 6 at p. 4); and (2) defendant claims it had insufficient employees to be governed by

9    the ADEA and so the court does not have subject matter jurisdiction over the complaint (doc. # 6

10   at p. 12). The court will address each argument in turn.

11       Claims of age discrimination must be filed with the Equal Employment Opportunity

12   Commission (EEOC) within three-hundred (300) days of the "alleged unlawful practice." 29 U.S.C.

13   § 626(d). Defendant argues that because plaintiff filed his claim with the EEOC on June 3, 2013,

14   claims prior to August 7, 2012, must be dismissed. (Doc. # 6 at p. 4). As plaintiff points out, the last

15   act of alleged discrimination occurred around November 21, 2012, within the applicable three-

16   hundred day limitation. (Doc. # 8 at p. 9).

17       Defendant has responded that plaintiff's claims regarding acts that occurred prior to August

18   7, 2012, are still barred, even though some alleged violations occurred after August 7, 2012. (Doc.

19   # 13 at p. 4). Defendant cites to the Supreme Court's opinion in *Nat'l R.R. Passenger Corp. v.*

20   *Morgan* which distinguished "discrete discriminatory acts" from "hostile environment claims." 536

21   U.S. 101, 114-115 (2002). This case established that discrete acts occurring before the applicable

22   statute of limitations could not relate to similar discrete acts that occurred after, even if they were

23   a direct result of the same discrimination. *Id.* The Supreme Court reaffirmed that decision in 2007

24   as it related to pay-setting decisions, and in doing so established that plaintiffs could not recover for

25   pay discrimination when the pay-setting decision was outside of the statute of limitations. *Ledbetter*

26   *v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 621 (2007).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1    Congress subsequently altered the underlying statutory scheme by enacting the Lilly

2    Ledbetter Fair Pay Act of 2009. 42 U.S.C. § 2000e-5, Pub. L. No. 111-2. Congress stated that the

3    court's decision "undermines those statutory protections by unduly restricting the time period in

4    which victims of discrimination can challenge and recover for discriminatory compensation or other

5    practices, contrary to the intent of Congress." Pub L. No. 111-2. The act modified Title 29 to read:

6            For purposes of this section, an unlawful practice occurs, with respect to
         discrimination in compensation in violation of this chapter, when a
7         discriminatory compensation decision or other practice is adopted, when a
         person becomes subject to a discriminatory compensation decision or other
8         practice, or when a person is affected by application of a discriminatory
         compensation decision or other practice, including each time wages, benefits,
9         or other compensation is paid, resulting in whole or in part from such a
         decision or other practice.

10

11   29 U.S.C. § 626(d)(3).

12   The only discrete discriminatory act that plaintiff has alleged was his constructive termination

13   on November 21, 2012. (Doc. # 1 at p. 10). Otherwise plaintiff has alleged harassment and

14   discrimination manifesting through jokes, comments, threats, and denial of hours without stating when

15   these acts occurred. (Doc. # 1 at p. 10). Therefore, to the extent that these occurred after August 7,

16   2012, the claims will not be dismissed on the basis of the statute of limitations.

17   Defendant's next argument–that plaintiff has not adequately pled that defendant had twenty

18   (20) or more employees and so was not subject to the ADEA–requests dismissal for lack of subject

19   matter jurisdiction. (Doc. # 6 at p. 12). Plaintiff disputes defendant's calculation of the number of

20   employees for purposes of the ADEA. (Doc. # 8 at p. 15).

21   In the context of Title VII, the Supreme Court has found that employee-numerosity requirement

22   is not a jurisdictional one; it is instead an element of plaintiff's claim for relief. *See Arbaugh v. Y&H*

23   *Corp.*, 546 U.S. 500, 516 (2006). The court found that Congress had not clearly intended the

24   employee-numerosity requirement to be jurisdictional as it had with the amount-in-controversy

25   requirement in diversity jurisdiction cases. *Id.* at 514. Therefore, defendant's argument that the court

26   lacks subject matter jurisdiction is not compelling. The court has federal question jurisdiction over this

27   claim because it arises under federal law.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    If the court were to interpret defendant's employee-numerosity argument as a 12(b)(6) request

2    for dismissal for failure to state a claim, the court would still decline to dismiss this cause of action.

3    At the pleadings stage, the court must accept as true the well-pled factual allegations of the complaint.

4    *Iqbal*, 556 U.S. at 678. While the defendant has attached a spreadsheet that apparently shows fewer

5    than twenty (20) employees worked for less than twenty (20) weeks, the court cannot discount the

6    allegations made in the complaint. Therefore, defendant's motion to dismiss will be denied as to

7    plaintiff's first claim.

8         B.    *Retaliation in Violation of the ADEA, ADA, and Title VII*

9    Defendant argues that plaintiff's claims of retaliation under the ADEA, ADA, and Title VII

10   must be dismissed for any alleged conduct that occurred prior to August 7, 2012.[1] (Doc. # 13 at p. 8).

11   As discussed above, *Nat'l R.R. Passenger Corp. v. Morgan* is on point regarding Title VII

12   discrimination and retaliation. 536 U.S. at 114-115. Congress has made it clear that each occurrence

13   of a discriminatory act within the statute of limitations is recoverable, even if the underlying

14   discriminatory decision occurred outside of the limitations period. 29 U.S.C. § 626(d)(3). Therefore,

15   while portions of the claim regarding discriminatory acts that allegedly occurred prior to August 7,

16   2012, will be barred, portions relating to individual discriminatory acts that allegedly occurred after

17   August 7, 2012, will be allowed to proceed even if they were based on discriminatory decisions that

18   occurred beforehand.

19        C.    *Discrimination and Retaliation in Violation of NRS 613.330*

20   Defendant seeks to dismiss plaintiff's fourth claim, for discrimination and retaliation in

21   violation of NRS 613.330 which makes age-based discrimination illegal. *See* NRS 613.330 et seq. A

22   claim of age discrimination must be brought within 180 days of the alleged act. *See* NRS 613.430.

23   Defendant argues that the claim was filed with the EEOC later than 180 days and so the claim is

24   barred. (Doc. # 6 at p. 5).

25

26        [1] Defendant's motion to dismiss originally requested that allegations regarding acts prior to April 16, 2012,
     should be dismissed, due to a two-year statute of limitations for FMLA claims. Defendant withdrew this argument in its

27   reply, and instead argues that a three-hundred (300) day statute of limitations regarding plaintiff's filing with the EEOC
     is applicable under Title VII.

28

**James C. Mahan**
**U.S. District Judge**

1    Plaintiff's claim was filed with the EEOC on June 3, 2013, while the last alleged discriminatory

2  conduct–the constructive termination–occurred around November 21, 2012. (Doc. # 1 at p. 6, 8). The

3  court finds that the plaintiff's discrimination claim under NRS 613.330 is untimely, because 194 days

4  passed between the last date of the alleged conduct and the date plaintiff's claim was filed with the

5  EEOC. Therefore, defendant's motion to dismiss will be granted as to plaintiff's claim of

6  discrimination and retaliation in violation of NRS 613.330.

7        *D.    Intentional Infliction of Emotional Distress*

8    Defendant argues that plaintiff's claim for intentional infliction of emotional distress should

9  be dismissed pursuant to rule 12(b)(6) and, in the alternative, any portions of the claim regarding

10  alleged acts that occurred before April 16, 2012, should be dismissed as they are time-barred. (Doc.

11  # 6 at p. 6).

12    To establish a valid claim for intentional infliction of emotional distress under Nevada law, a

13  plaintiff must allege "(1) extreme and outrageous conduct on the part of the defendant; (2) intent to

14  cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff

15  actually suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 970 P.2d

16  571, 577 (Nev. 1998).

17    Under Nevada law, extreme and outrageous conduct is that "which is outside all possible

18  bounds of decency and is regarded as utterly intolerable in a civilized society." *Welder v. Univ. of So.

19  Nevada*, 833 F. Supp. 2d 1240, 1245 (D. Nev. 2011).

20    Plaintiff's complaint alleges that defendant's conduct "was extreme and outrageous and done

21  for purposes of injuring [p]laintiff" and also that the conduct "was intentional, wilful, malicious and

22  outrageous, and therefore, constitutes and [sic] intentional infliction of emotional distress to

23  [p]laintiff." (Doc. # 1 at p. 15).

24    The court finds that plaintiff has not adequately pled a claim of intentional infliction of

25  emotional distress. While all well-pled claims are assumed true, this assumption does not carry over

26  to legal conclusions. *Iqbal*, 556 U.S. at 678. Plaintiff's complaint does not contain detailed allegations

27  sufficient to support an intentional infliction of emotional distress claim. Therefore, defendant's

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1   motion to dismiss will be granted as to plaintiff's fifth claim.

2           E.       *Negligent Hiring, Supervision, and/or Training of Employees*

3         Defendant argues that plaintiff's complaint has failed to adequately plead the claim of negligent

4   hiring, supervision, and training of employees. (Doc. # 6 at p. 9).

5         Under Nevada law, an employer breaches its duty when it hires an individual who the employer

6   knows or should have known had dangerous propensities. *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev.

7   1996).

8         In order to prevail on a negligent training claim, a plaintiff must allege facts specifically

9   indicating how an employer violated its duty to use reasonable care in the training and supervision of

10   employees. *See Reece v. Republic Services, Inc.*, 2011 WL 868386 *11 (D. Nev. 2011) (internal

11   citations omitted). Demonstrating that an employee acted in a discriminatory manner is not sufficient

12   to show an employer was negligent in hiring, supervising, or training. *Id.*

13         Plaintiff's complaint has not alleged facts indicating that defendant violated its duties in hiring,

14   training, or supervision. Plaintiff's complaint merely states:

15            [d]efendant knew or should have known that the conduct of its employees
              and supervisors, agents and employees might result in a violation of
16            employee's rights. Defendant failed to institute sufficiently effective
              training programs, which may have identified its supervisors' and
17            employees' illegal conduct and prevented further recurrences of
              discrimination or may have allowed employees to file complaints about
18            discriminatory conduct.

19   (Doc. # 1 at p. 17).

20         Plaintiff's allegations supporting this claim are conclusory, and therefore plaintiff fails to

21   articulate a plausible claim for relief as required by 12(b)(6). Thus, defendant's motion to dismiss will

22   be granted as to plaintiff's seventh claim.

23   **IV.**    **Conclusion**

24         The court finds that plaintiff's first and third claims are timely and therefore defendant's

25   motion to dismiss will be denied as to those claims. Additionally, the court finds that plaintiff's fourth

26   claim is untimely, and so defendant's motion to dismiss will be granted on that claim. Finally, the court

27   finds that plaintiff failed to support his fifth and seventh claims with sufficient factual allegations to

28

**James C. Mahan**
**U.S. District Judge**

1   meet the standard of rule 12(b)(6). Therefore, defendant's motion to dismiss will be granted as to those

2   claims.

3           Accordingly,

4           IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to

5   dismiss (doc. # 6) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with

6   the foregoing.

7           DATED July 30, 2014.

8

9   _____

10  **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 8 -